ANNA COOK, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals. April 5, 1920.

1. **WITNESS: Absence Attachment: Courts Discretion.** A defendant's witness was a physician who was not present when called in the midst of the trial. Defendant asked the court to delay until he could be had. The court asked whether defendant wished an attachment and being answered in the negative refused to wait; *held not error.*

2. **INSTRUCTION: Measure of Damages: Limit of Recovery.** Where the plaintiffs instruction on the measure of damages is general and omits to limit the amount to be recovered to that asked in the petition, the defendant not asking such lmit in his instructions it is not reversible error. Spohn v. Railroad, 116 Mo. 1. c. 633, has been abandoned on this point.

3. **ASSIGNMENT OF ERROR: Insufficiency.** An assignment of error that "the court erred under all the circumstances in not setting aside the verdict in this case" is not sufficient under the statute and rules of court.

Appeal from Buchanan Circuit Court.—*Hon. Thos. B. Allen,* Judge.

AFFIRMED.

*Strop & Mayer* for respondent.

*Stigall, Meyer & Ham* for appellant.

ELLISON, P. J.—Plaintiff's action is for personal injury received while walking over and along one of defendant's sidewalks. She recovered judgment for $2500.

While the brief complains of more, defendant has assigned but three errors as follows;

"1. The court erred in not waiting a reasonable length of time for the defendant's witness, Dr. Spencer."

"2. The court erred in giving plaintiff's instruction Number 5."

"3. The court erred under all the circumstances in not setting aside the verdict in this case."

There was no error committed in the first—It was within the court's discretion. Besides the court asked counsel if he desired an attachment for the doctor and he replied in the negative.

The second assignment is unsubstantial. The instruction reads as follows:

"The court instructs the jury that if you find for the plaintiff you should award to her such an amount as you believe from the evidence will reasonably and fairly compensate her for the injuries resulting from her fall, as mentioned in the evidence."

This was proper so far as it went and if defendant desired anything further it was its duty to ask it. [Browning v. Railroad, 124 Mo. 55, 71; Dyrcz v. Packing Co., 194 S. W. 761, 765; Fischback v. Dunham, 203 S. W. 217.]

Nor should the judgment be reversed on account of the instruction not limiting the amount to be recovered to the sum asked for in the petition. The verdict was much less than the sum asked and defendant did not think it of enough importance to ask that a limit be put upon the amount. [King v. St. Louis, 250 Mo. 501, 510, 514; State ex rel. v. Reynolds, 257 Mo. 19, 30, 38.] These cases qualify Spohn v. Railroad, 116 Mo. 617, last par. 633.

The third assignment is not sufficient. No specification is made and we are left to search out the alleged circumstances which it is said did not justify the court in refusing to set aside the verdict. [Frick v. Ins. Co., 213 S. W. 854; Drainage Dist. v. Hayes, 217 S. W. 20; Hayes v. McLaughlin, 217 S. W. 262, 264; Wilkerson v. National Council (decided January 26, 1920); McGee v. Dunnegan (decided January 5, 1920).]

We however do not consides objections to the judgment made in the brief as meritorious. The verdict was not excessive under the evidence.

The verdict has evidence upon which it may well be based and we must affirm the judgment. All concur.